UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATHEW COLLETT,

                Plaintiff,

    v.

MASON COUNTY, et al,

                Defendants.

CASE NO. 3:23-CV-5654-RAJ-DWC

ORDER ON MOTION FOR RECONSIDERATION AND MOTION FOR COUNSEL

Currently before the Court is Plaintiff Mathew Collett's Motion for Reconsideration and Motion requesting Court-appointed counsel. Dkts. 23, 25.

**I.    Motion for Reconsideration (Dkt. 25)**

Plaintiff filed the Motion for Reconsideration seeking reconsideration of the Court's Order denying his request for Court-appointed counsel. Dkt. 25. On August 16, 2023, the Court denied Plaintiff's Application for Court-Appointed Counsel (Dkt. 6) because Plaintiff did not show (1) this case involves complex facts or law; (2) an inability to articulate the factual basis of his claims in a fashion understandable to the Court; or (3) he is likely to succeed on the merits of his case. *See* Dkt. 16. In the Motion for Reconsideration, Plaintiff states he has been placed on

ORDER ON MOTION FOR RECONSIDERATION
AND MOTION FOR COUNSEL - 1

lockdown and cannot access the law library and does not have access to paper or pen. Dkt. 25. Plaintiff does not indicate how long he will be in lockdown. *Id*.

Pursuant to Local Civil Rule 7(h), motions for reconsideration are disfavored and will be denied absent a showing of manifest error or a showing of new facts or legal authority which could not have been presented earlier with reasonable diligence. Importantly, the motion must be filed within fourteen days after the order to which it relates is filed. LCR 7(h). Failure to comply with the fourteen-day deadline may be grounds for denial of the motion. *Id*.

Plaintiff's Motion for Reconsideration is untimely. The Court issued its order on August 16, 2023. Dkt. 16. Any motion for reconsideration was due on or before August 30, 2023. Plaintiff did not file the Motion for Reconsideration until September 5, 2023 (dated September 1, 2023). Moreover, Plaintiff has filed a second motion requesting Court-appointed counsel, which the Court will consider. For these reasons, the Motion for Reconsideration (Dkt. 25) is denied.

## II.     Motion for Court-Appointed Counsel (Dkt. 23)

Plaintiff has also filed a second Motion requestion Court-appointed counsel. Dkt. 23. As the Court stated in its previous Order denying counsel, no constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity

of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In the Motion for Counsel, Plaintiff states he needs counsel because he is uneducated, does not have computer skills, and the law library has limited materials. Dkt. 23. Plaintiff also states his mental health impairments limit his ability to litigate this case. *Id*. At this time, Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. Plaintiff has also not shown he is likely to succeed on the merits of his case or shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court. Additionally, Plaintiff is able to clearly articulate his requests in a way that is understandable to the Court. While Plaintiff may be able to better litigate this case with appointed counsel, that fact, alone, does not establish an extraordinary circumstance warranting the appointment of counsel. *See Rand*, 113 F.3d at 1525; *Wilborn*, 789 F.2d at 1331. Therefore, the Court finds Plaintiff has failed to show the appointment of counsel is appropriate at this time. Accordingly, Plaintiff's Motion for Counsel (Dkt. 23) is denied.

### III. Conclusion

For the above stated reasons, Plaintiff Motion for Reconsideration (Dkt. 25) and Motion requesting Court-Appointed Counsel (Dkt. 23) are denied.

Dated this 2nd day of October, 2023.

David W. Christel
Chief United States Magistrate Judge