UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MATHEW COLLETT,<br><br>    Plaintiff,<br>v.<br><br>MASON COUNTY, et al,<br><br>    Defendants. | CASE NO. 3:23-CV-5654-RAJ-DWC<br><br>ORDER GRANTING LEAVE TO AMEND AND DENYING MISCELLANEOUS MOTIONS |

Plaintiff Matthew Collett, proceeding *pro se* and *in forma pauperis*, initiated this civil rights case pursuant to 42 U.S.C. § 1983. *See* Dkt. 1. Currently before the Court are Plaintiff's Motion to Compel (Dkt. 39), Motion to Request Leave to Amend (Dkt. 43), and Motion to Delay Summary Judgment (Dkt. 53) and Mason County Defendants' Motion for Summary Judgment (Dkt. 34) and Motion to Stay Discovery (Dkt. 40). After consideration of the record, the Motion for Leave to Amend (Dkt. 43) is granted and the Motion for Summary Judgment (Dkt. 34), Motion to Compel (Dkt. 39), Motion to Stay (Dkt. 40), and Motion to Delay (Dkt. 53) are denied.

### I. Motion to Compel (Dkt. 39)

On October 7, 2023, Plaintiff filed the "Motion to Compel," wherein Plaintiff requests Defendants Summit Foods and John Bell be compelled to answer and defend in this matter. Dkt. 39. On September 29, 2023, Defendants Summit Foods and John Bell filed an answer to Plaintiff's amended complaint. Dkt. 31. Therefore, these two defendants have filed an answer in this matter. Accordingly, Plaintiff's "Motion to Compel" (Dkt. 39) is denied.

### II. Motion for Leave to Amend (Dkt. 43)

On October 16, 2023, Plaintiff filed a Motion for Leave to Amend. Dkt. 43. Plaintiff did not attach a proposed amended complaint, but, on October 19, 2023, filed the proposed amended complaint. Dkt. 46.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> (1) *Amending as a Matter of Course*
> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments*
> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Plaintiff has filed an amended complaint. *See* Dkt. 22. As such, he cannot amend his Amended Complaint pursuant to Rule 15(a)(1) (may amend once as a matter of course). To amend his Amended Complaint, Plaintiff must have Defendants' written consent or the Court's leave. *See* Fed.R.Civ.P. 15(a)(2).

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." "Rule 15(a) is very liberal and leave to amend 'shall be freely given

when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, leave to amend "is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir.1990). When determining whether to grant leave to amend, the Court considers five factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

Defendants have not filed a response to Plaintiff's request for leave to amend. Pursuant to Local Civil Rule 7(b)(2), "if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." As Defendants have not filed a response, the Court considers this failure an admission that the request for leave to amend is meritorious. Furthermore, Defendants seek dismissal for failure to state a claim. *See* Dkt. 34. The Court finds the interests of justice warrant allowing Plaintiff, a *pro se* litigant, an opportunity to attempt to cure the deficiencies that Defendants assert are in the Amended Complaint.

For these reasons, Plaintiff's Motion for Leave to Amend (Dkt. 43) is granted. Plaintiff's proposed amended complaint (Dkt. 46) is hereby deemed filed as Plaintiff's Second Amended Complaint. The Clerk is directed to separately docket Plaintiff's proposed amended complaint (Dkt. 46) as Plaintiff's Second Amended Complaint.

**III.     Motion for Summary Judgment (Dkt. 34)**

Defendants have filed a Motion for Summary Judgment seeking summary judgment based on the allegations in the Amended Complaint. Dkt. 34. An amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The original

complaint is "treated thereafter as non-existent." *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). The Motion for Summary Judgment attacks the Amended Complaint, which is now "non-existent."

Accordingly, the Motion for Summary Judgment (Dkt. 34) is denied as moot;[1] however, all Defendants are allowed to re-file dispositive motions based on the allegations contained in the Second Amended Complaint. *See Bacon v. Reyes*, 2013 WL 3893254 (D. Nev. July 26, 2013) (denying motion for summary judgment as moot based on the filing of an amended complaint); *Nelson v. City of Los Angeles*, 2015 WL 1931714, *22 (C.D. Cal. Apr. 28, 2015) (recommending summary judgment motions be denied without prejudice to their reassertion after the plaintiff was given leave to amend because the motions for summary judgment were based on the original complaint); *Farkas v. Gedney*, 2014 WL 5782788, *3 (D. Nev. Nov.6, 2014) ("[B]ecause granting [plaintiff's] motion for leave to amend will alter the scope of defendants' now-filed motion for summary judgment, defendants' motion for summary judgment is denied without prejudice, subject to re-filing based on the scope of the soon-to-be amended complaint.").

**IV.     Motion to Stay (Dkt. 40) and Motion to Delay (Dkt. 53)**

Also pending before the Court are Defendants Motion to Stay Discovery (Dkt. 40) and Plaintiff's Motion to Delay (Dkt. 53). In the Motion to Stay, Defendants request the Court stay discovery pending resolution of their pending Motion for Summary Judgment. Dkt. 40. In the Motion to Delay, Plaintiff requests the Court delay ruling on the Motion for Summary Judgment so he can conduct more discovery. Dkt. 53. As the Court has denied the Motion for Summary Judgment, the Motion to Stay (Dkt. 40) and the Motion to Delay (Dkt. 53) are denied as moot.

---

[1] As the Court is denying the Motion for Summary Judgment without prejudice and with leave to re-file, the Court finds this matter is non-dispositive. Therefore, in the interest of judicial efficiency, the Court enters an order denying the Motion for Summary Judgment.

**V.     Conclusion**

For the above stated reasons, the Motion for Leave to Amend (Dkt. 43) is granted and the Motion for Summary Judgment (Dkt. 34), Motion to Compel (Dkt. 39), Motion to Stay (Dkt. 40), and Motion to Delay (Dkt. 53) are denied.

The Clerk is directed to separately docket Plaintiff's proposed amended complaint (Dkt. 46) as Plaintiff's Second Amended Complaint.

Dated this 6th day of November, 2023.

*/s/ David W. Christel*
David W. Christel
Chief United States Magistrate Judge