UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MATHEW COLLETT,<br><br>　　　　　　　　Plaintiff,<br>　v.<br><br>MASON COUNTY, et al,<br><br>　　　　　　　　Defendants. | CASE NO. 3:23-CV-5654-TMC-DWC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

Currently before the Court is Plaintiff Mathew Collett's Motion requesting Court-appointed counsel. Dkts. 61, 66, 69. As the Court has previously stated, no constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL - 1

1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In the Motion for Counsel, Plaintiff states he needs counsel because he is unable to communicate with other inmates who are witnesses in his case. Dkt. 61. Plaintiff also states he needs counsel because he is uneducated and needs a typewriter to conduct discovery. Dkt. 66. Further, Plaintiff contends counsel is necessary if the Court grants Defendants' motion requesting this case be consolidated. *Id*.

At this time, Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. Plaintiff has also not shown he is likely to succeed on the merits of his case or shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court. Additionally, Plaintiff is able to clearly articulate his requests in a way that is understandable to the Court. While Plaintiff may be able to better litigate this case with appointed counsel, that fact, alone, does not establish an extraordinary circumstance warranting the appointment of counsel. *See Rand*, 113 F.3d at 1525; *Wilborn*, 789 F.2d at 1331. Moreover, this Court has not determined it is necessary nor appropriate to consolidate this case with a separately filed case. Therefore, the Court finds Plaintiff has failed to show the appointment of counsel is appropriate at this time. Accordingly, Plaintiff's Motion for Counsel (Dkt. 61) is denied.

Dated this 4th day of December, 2023.

David W. Christel
Chief United States Magistrate Judge

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL - 2