UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATHEW COLLETT,

                Plaintiff,

    v.

MASON COUNTY, et al.,

                Defendants.

CASE NO. 3:23-CV-5654-TMC-DWC

ORDER ON MISCELLANEOUS MOTIONS

Plaintiff Matthew Collett, proceeding *pro se* and *in forma pauperis*, initiated this civil rights case pursuant to 42 U.S.C. § 1983. *See* Dkt. 1. Currently before the Court are Defendants Paula Bush, Keven Hansen, Mason County, Randy Newell, and Shane Schoenberg's ("County Defendants") Motion to Stay Discovery (Dkt. 80), Plaintiff's Motion to Stay Summary Judgment (Dkt. 77), his Motion to Compel Discovery (Dkt. 78), and his Motion for Service (Dkt. 86). Each matter is ripe for decision.

For the reasons below, County Defendants' Motion to Stay Discovery (Dkt. 80) is denied, Plaintiff's Motions to Stay Summary Judgment (Dkt. 77) and to Compel Discovery (Dkt. 78) are

denied, and his Motion for Service on Defendants Health Care Delivery Systems, Inc., Shannon Slack, Julie Rice, and Nurse Bree (Dkt. 86) is granted.

I.      **County Defendants' Motion to Stay Discovery (Dkt. 80)**

In their Motion, County Defendants argue that a forthcoming motion for summary judgment on qualified immunity grounds warrants a stay of discovery. Dkt. 80.

The Court has broad discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). A court may relieve a party of the burdens of discovery while a dispositive motion is pending, so long as that motion is capable of resolving the case without additional discovery or, at a minimum, resolves issues for which discovery is sought. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *DiMartini v. Ferrin*, 889 F.2d 922, 926 (9th Cir. 1989), *amended at* 906 F.2d 465 (9th Cir. 1990); *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013). Because qualified immunity is not simply immunity from liability but also immunity from suit, the Supreme Court has held that, until this threshold issue is resolved, discovery should not proceed. *See Harlow v. Fitzgerald,* 457 U.S. 800, 81719, 102 S. Ct. 2727 (1982). Even so, where qualified immunity presents a mixed question of law and fact, a plaintiff must be afforded the opportunity to oppose a dispositive motion on qualified immunity grounds. *See also Thomas v. Hood*, No. C10-5369 RJB, 2010 WL 5185438, at *5 (W.D. Wash. Nov. 4, 2010), *report and recommendation adopted*, No. 3:10-CV-05369, 2010 WL 5211617 (W.D. Wash. Dec. 16, 2010) (granting limited discovery on fact issues relevant to qualified immunity).

Here, County Defendants represent that a dispositive motion on qualified immunity grounds is forthcoming. Dkt. 80. But, as of the noting date for the instant motion, no summary judgment motion has been filed by County Defendants. As a result, the Court has no means of

1  determining whether qualified immunity is case dispositive, whether it resolves the issues for
2  which Plaintiff seeks discovery, or whether further discovery will be necessary.[1] Instead,
3  Defendants ask this Court to accept their unsupported, perfunctory argument an unfiled motion
4  will resolve this case without additional discovery. The Court declines to do so.

5  Accordingly, County Defendants' Motion to Stay Discovery (Dkt. 80) is denied.

6  **II.    Plaintiff's Motion to Compel Discovery (Dkt. 78)**

7  In his Motion to Compel Discovery, Plaintiff represents that his initial October 6, 2023
8  discovery request and subsequent discovery requests have gone unanswered by County
9  Defendants, in part, because Defense Counsel believes his requests are unreadable. Having
10 denied County Defendants' request to stay discovery, the Court finds it unnecessary to compel
11 discovery responses at this time. Instead, the Court directs Defense Counsel for County
12 Defendants to meet and confer with Plaintiff regarding his discovery requests. Defense Counsel
13 is further directed to file a status report by January 31, 2024, detailing the parties' efforts to
14 resolve any discovery disputes. Finally, Defense Counsel is advised that Plaintiff is a *pro se*
15 litigant with limited access to technology and so additional time and care may be necessary to
16 perform a good-faith review of his hand-written correspondence.

17 Accordingly, Plaintiff's Motion to Compel Discovery (Dkt. 78) is denied without
18 prejudice.

19 **III.   Plaintiff's Motion to Stay Summary Judgment (Dkt. 77)**

20 Plaintiff next moves to stay summary judgment, arguing that his inability to obtain
21 discovery from County Defendants has placed him at a disadvantage in opposing summary

---

[1] The Court is skeptical about whether qualified immunity is case dispositive, as qualified immunity applies to individual capacity § 1983 claims and Plaintiff's claim is brought against County Defendants in both their individual and official capacities. *See* Amended Complaint, Dkt. 60.

ORDER ON MISCELLANEOUS MOTIONS - 3

judgment.[2] At this time, the County Defendants have not filed a motion for summary judgment; thus, there is no pending motion for the Court to stay. Moreover, the Court finds that Plaintiff's discovery concerns are adequately addressed by its ruling on County Defendants' Motion to Stay Discovery and its Order directing Defense Counsel to meet and confer with Plaintiff about discovery.

Plaintiff's Motion to Stay Summary Judgment (Dkt. 77) is therefore denied.

### IV.    Plaintiff's Motion for Service (Dkt. 86)

On November 6, 2023, Plaintiff filed an Amended Complaint adding Health Care Delivery Systems, Inc., Shannon Slack, Julie Rice, and Nurse Bree as defendants to this suit. Dkt. 60. However, through no fault of Plaintiff, service was never effectuated on those defendants. Because Plaintiff is proceeding *in forma pauperis*, "[t]he officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). Any failure to effect service by the Court or the United States Marshals Service is "'automatically good cause within the meaning of Rule 4([m]).'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir.1990)).

Accordingly, the Court finds there is good cause to extend the time for service under Rule 4(m) of the Federal Rules of Civil Procedure until April 8, 2024, and grants Plaintiff's Motion for Service (Dkt. 86). The Court will enter a separate order directing the Clerk's Office to serve Defendants Health Care Delivery Systems, Inc., Shannon Slack, Julie Rice, and Nurse Bree.

---

[2] The Court notes that Defendants John Bell and Summit Foods ("SJS Defendants") moved for summary judgment on January 5, 2024. Dkt. 87. Plaintiff does not identify any issues in obtaining discovery from SJS Defendants, who are represented by separate counsel. Dkt. 86. Therefore, the Court construes the instant motion as a motion to stay summary judgment briefing as to County Defendants only. If Plaintiff would like to extend the response deadline for SJS Defendants' Motion for Summary Judgment, he will need file a separate motion identifying the reasons why he requires additional time to respond.

ORDER ON MISCELLANEOUS MOTIONS - 4

### V. Conclusion

For the stated reasons, County Defendants' Motion to Stay Discovery (Dkt. 80) is denied, Plaintiff's Motion to Stay Summary Judgment (Dkt. 77) and his Motion to Compel Discovery (Dkt. 78) are denied, and Plaintiff's Motion for Service (Dkt. 86) is granted. The deadline for serving Defendants Health Care Delivery Systems, Inc., Shannon Slack, Julie Rice, and Nurse Bree is extended until April 8, 2024.

In addition, Defense Counsel for County Defendants is directed to meet and confer with Plaintiff regarding his discovery requests. Defense Counsel is further directed to file a status report on steps taken to resolve discovery disputes by January 31, 2024.

Dated this 9th day of January, 2024.

David W. Christel
Chief United States Magistrate Judge