UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATHEW COLLETT,

                Plaintiff,

v.

MASON COUNTY, et al.,

                Defendants.

CASE NO. 3:23-CV-5654-TMC-DWC

ORDER ON MISCELLANEOUS MOTIONS

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Currently before the Court are Plaintiff Mathew Collett's fifth motion for court-appointed counsel (Dkt. 98) and his motion to stay all pending and future motions (Dkt. 97). The Court will address each of Plaintiff's motions in turn.

    **I.    MOTION FOR COURT-APPOINTED COUNSEL (DKT. 98)**

Starting with Plaintiff's request for court-appointed counsel, as stated in prior orders, no constitutional right to appointed counsel exists in a § 1983 action. *See* Dkts. 16, 32, 70, 83; *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28

U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In his most recent motion for court-appointed counsel, Plaintiff states he requires counsel because he has difficulty accessing discovery materials and electronic filing is not an option for inmates in administrative segregation. Dkt. 98, at 1–2. Plaintiff represents he was transferred to administrative segregation pending criminal prosecution in two unrelated state court cases. *Id.* at 1. Plaintiff does not believe he will be able to effectively litigate without counsel until those cases are resolved. *Id.* at 1–2.

To date, Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. Plaintiff has also not shown he is likely to succeed on the merits of his case or shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court. Even without the ability to file electronically, Plaintiff can clearly articulate his requests in a way that is understandable to the Court. *See e.g.*, Dkts. 97, 98. While Plaintiff may be better able to litigate this case with appointed counsel, that fact, alone, does not establish an extraordinary circumstance warranting the appointment of counsel. *See Rand*, 113 F.3d at 1525; *Wilborn*, 789 F.2d at 1331. Therefore, the Court finds Plaintiff has failed to show the appointment of counsel is appropriate at this time. Accordingly, Plaintiff's motion for counsel (Dkt. 98) is denied.

ORDER ON MISCELLANEOUS MOTIONS - 2

## II. MOTION TO STAY (DKT. 97)

As for his motion to stay, Plaintiff requests a stay on all current and future motions. Dkt. 97. Plaintiff argues a stay is appropriate because he has limited access to the information and discovery needed to effectively prosecute this case while in administrative segregation. *Id.*

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "The power to stay a case is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Halliwell v. A-T Sols.*, 2014 WL 4472724, at *7 (S.D. Cal. Sept. 10, 2014) (quoting *Landis*, 299 U.S. at 254).

To determine if a stay is appropriate, the Court should weigh the "competing interests which will be effected by the granting or refusal to grant a stay," including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *See Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

As of the date of this Order, there are two motions for summary judgment pending. Dkts. 87, 105. The first was filed by SFS Defendants before Plaintiff was transferred to administrative segregation. Dkt. 87. Plaintiff had a full and fair opportunity to respond to that motion before his change in circumstances—he successfully filed his response, supplemental response, and evidence in opposition electronically. *See* Dkts. 92, 93. Therefore, Plaintiff has not shown, and the Court does not find, a stay is warranted on SFS Defendants' summary judgment motion.

The second pending motion for summary judgment was filed by County Defendants after Plaintiff was transferred to administrative segregation. Dkt. 105. Plaintiff states he cannot effectively respond to any motion until he is released from administrative segregation. Dkt. 97. However, Plaintiff cannot say when that will be, meaning he is asking the Court to stay his case indefinitely. *See id.* at 1 (stating "the best estimate is sometime in 2025."). Given the possible damage that could result from an indefinite stay of litigation, the Court denies Plaintiff's request for a stay and, instead, grants Plaintiff an additional 60 days of leave to respond to County Defendants' motion for summary judgment.

### III.   CONCLUSION

For the reasons set forth above, Plaintiff's motion to appoint counsel (Dkt. 98) and his motion to stay (Dkt. 97) are denied without prejudice. Plaintiff is granted an additional 60 days to file a response in opposition to County Defendants' motion for summary judgment (Dkt. 105). Any responses in opposition to that motion must be filed by May 13, 2024. Additionally, both pending motions for summary judgment should be considered together. *See* Civil Rules W.D. Wash., LCR 7(k). Accordingly, the Clerk of Court is directed to re-note both motions (Dkts. 87, 105) for consideration on May 17, 2024. Notwithstanding the new noting date, briefing on SFS Defendants' summary judgment motion remains closed with no further responses permitted.

Dated this 23rd day of February, 2024.

David W. Christel
Chief United States Magistrate Judge