1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10

MATHEW COLLETT,

CASE NO. 3:23-CV-5654-TMC-DWC

Plaintiff,

11

v.

ORDER DECLINING TO
VOLUNTARILY RECUSE

12

MASON COUNTY, et al.,

13

Defendants.

14
15

    The District Judge has referred this prisoner civil rights action to United States

16

Magistrate Judge David W. Christel. Plaintiff Mathew Collett, proceeding *pro se* and *in forma*

17

*pauperis*, has filed a Motion for Recusal. Dkt. 112. In accordance with Local Civil Rule ("LCR")

18

3(f), the undersigned "will review the motion papers and decide whether to recuse voluntarily."

19

## I.   LEGAL STANDARD

20

    A judge of the United States shall disqualify himself in any proceeding in which his

21

impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). A federal judge also shall

22

disqualify himself in circumstances where he has a personal bias or prejudice concerning a party

23
24

or personal knowledge of disputed evidentiary facts concerning the proceeding. *Id*. at §455(b)(1).

28 U.S.C. § 144 states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

28 U.S.C. § 144.

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

510 U.S. at 555.

## II.   DISCUSSION

In his Motion, Plaintiff complains the undersigned "has not acted fairly" in adjudicating this case and has a "tradition of bias" in ruling on "any and all" of Plaintiff's motions. Dkt. 112. However, Plaintiff's concern with bias is based on judicial rulings, which "almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. The undersigned

has no personal bias or reason to be partial to one side or the other in this matter; rather, the undersigned makes rulings in each case based upon the issues presented by the parties or upon an independent review by the Court.

In sum, Plaintiff shows no reasonable basis for questioning the undersigned's impartiality. Accordingly, the undersigned will not recuse himself voluntarily from this case.

### III.  CONCLUSION

For the foregoing reasons, this Court finds there is no reasonable basis for a voluntary recusal in this matter. Therefore, the undersigned declines to recuse himself voluntarily.

The Clerk is directed to refer Plaintiff's Motion for Recusal (Dkt. 112) to Chief Judge David G. Estudillo in accordance with Local Civil Rule 3(f). The Clerk is also directed to send a copy of this Order to the parties and to the Honorable Tiffany M. Cartwright, the District Judge assigned to this case.

Dated this 5th day of March, 2024.

David W. Christel
United States Magistrate Judge

ORDER DECLINING TO VOLUNTARILY
RECUSE - 3