UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MATHEW COLLETT,<br><br>               Plaintiff,<br>  v.<br><br>MASON COUNTY et al.,<br><br>               Defendants. | CASE NO. 3:23-cv-05654-TMC-DWC<br><br>ORDER AFFIRMING DENIAL (DKT. NO. 118) OF MOTION FOR RECUSAL (DKT. NO. 112) |

      This matter comes before the Court on Judge David W. Christel's order (Dkt. No. 118) denying Plaintiff's motion for recusal (Dkt. No. 112).  Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge."

      Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455.  Recusal is required if a judge's impartiality might reasonably be questioned or if the judge has a personal bias or prejudice concerning a party.  28 U.S.C. § 455(a), (b)(1).  In addition, recusal is required

ORDER AFFIRMING DENIAL (DKT. NO. 118) OF MOTION FOR RECUSAL (DKT. NO. 112) - 1

pursuant to § 144 when a party "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."

Critically, bias or prejudice sufficient to warrant recusal must derive from an extrajudicial source. *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). In other words, prior adverse rulings do not justify recusal. *Id.*; *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983).

Plaintiff argues Judge Christel has shown bias or prejudice because Judge Christel "has not acted fairly in this case" and "has shown a tradition of being bias[ed] towards plaintiff and any and all motions filed by the plaintiff." (Dkt. No. 112 at 1.) Plaintiff does not identify any extrajudicial source of bias or prejudice. (*See id.*) As Plaintiff's motion exclusively takes issue with the manner in which Judge Christel has presided over this case, recusal is not warranted. *See Mayes*, 729 F.2d at 607; *Nelson*, 718 F.2d at 321.

The Court accordingly AFFIRMS Judge Christel's denial (Dkt. No. 118) of Plaintiff's motion to recuse (Dkt. No. 112).

Dated this 11th day of March 2024.

David G. Estudillo
United States District Judge