UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MATHEW COLLETT,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>MASON COUNTY et al.,<br><br>　　　　　　　Defendants. | CASE NO. 3:23-cv-05654-TMC-DWC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION (DKT. NO. 125) |

　　　Before the Court is Plaintiff's motion for reconsideration (Dkt. No. 125) of the Court's order (Dkt. No. 121) affirming Judge Christel's denial of recusal (Dkt. No. 118). The order now under reconsideration held that Plaintiff's motion for recusal had failed to "identify any extrajudicial source of bias or prejudice" because it "exclusively t[ook] issue with the manner in which Judge Christel has presided over this case." (Dkt. No. 121 at 2.)

　　　Motions for reconsideration are "disfavored" and "will ordinarily [be] den[ied]." LCR 7(h)(1). To succeed on a motion for reconsideration, a movant must raise "manifest error in the

ORDER DENYING MOTION FOR RECONSIDERATION (DKT. NO. 125) - 1

prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.*

Plaintiff's motion for reconsideration neither shows manifest error in the Court's decision nor new facts or legal authority that would satisfy the legal standard for recusal. Instead, Plaintiff again takes issue with the manner in which Judge Christel has presided over the case, arguing Judge Christel's denial of Plaintiff's motion to appoint counsel reflects bias. (Dkt. No. 125 at 1–2.) But adverse rulings of a judge—including a denial of a motion to appoint counsel—do not qualify as bias or prejudice sufficient to warrant recusal. *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal"); *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983) ("Adverse rulings do not constitute the requisite bias."); *Douglas v. Department of Homeland Security*, 2011 WL 2261972, at *2 (W.D. Wash. June 8, 2011) (a judge's "decision to deny . . . [a] motion to appoint counsel . . . does not imply that a judge is biased").

The Court accordingly DENIES Plaintiff's motion for reconsideration (Dkt. No. 125).

Dated this 26th day of March 2024.

David G. Estudillo
United States District Judge