UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATHEW COLLETT,

                Plaintiff,

    v.

MASON COUNTY, et al.,

                Defendants.

CASE NO. 3:23-CV-5654-TMC-DWC

ORDER ON MISCELLANEOUS MOTIONS

Plaintiff Matthew Collett, proceeding *pro se* and *in forma pauperis*, initiated this civil rights action pursuant to 42 U.S.C. § 1983. *See* Dkt. 1. Currently before the Court are Plaintiff's Motion to Compel Responses from Defendants Health Care Delivery Systems, Inc., Nurse Bree, Julie Rice, and Shannon Slack (collectively "HDS Defendants") (Dkt. 115), his second Motion to Compel Discovery (Dkt. 116), and several motions seeking to remedy Plaintiff's lack of access to legal materials while he is housed at Monroe Correctional Complex (Dkts. 113, 117, 126, 127, 132). All motions are fully briefed and ripe for decision.

For the reasons below, Plaintiff's Motion to Compel Responses from HDS Defendants (Dkt. 115) is denied as moot, his second Motion to Compel Discovery (Dkt. 116) is denied

without prejudice, and his Motion to Stay pending return of his legal materials is granted (Dkt. 132). All other motions currently pending on the docket (Dkts. 87, 105, 113, 117, 126, 127) are denied without prejudice to refiling once the stay is lifted.

### I.  Motion to Compel Reponses (Dkt. 115)

In his first Motion, Plaintiff seeks a court order compelling HDS Defendants to file responses in this action. Dkt. 115. However, after Plaintiff filed his Motion to Compel Responses, HDS Defendants filed a notice of joinder in County Defendants' pending Motion for Summary Judgment. Dkt. 131. Because Plaintiff has received his requested relief through other means, his Motion to Compel Reponses from HDS Defendants (Dkt. 115) is denied as moot.

### II.  Second Motion to Compel Discovery (Dkt. 116)

Plaintiff next moves for a court order compelling discovery from County Defendants. Dkt. 116. County Defendants oppose Plaintiff's Second Motion to Compel Discovery, arguing it is untimely and unavailing. Dkt. 119 at 4–6.

#### A.  Legal Standard

A party may obtain discovery regarding any nonprivileged information that is relevant to any claim or defense in his or her case. Fed. R. Civ. P. 26(b)(1). Once the party seeking discovery has established the request meets the relevancy requirement, "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining, or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009). When a party believes the responses to his discovery requests are incomplete, or contain unfounded objections, he may move the court for an order compelling disclosure. Fed. R. Civ. P. 37. The movant must show he conferred, or made a good faith effort to confer, with the party opposing disclosure before seeking court intervention. *Id.*; *see also*

1 | Local Civil Rule ("LCR") 37. In other words, a court order compelling discovery is only

2 | appropriate upon the movant's showing the parties reached an impasse on a substantive issue.

3 | *See Beasley v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 1268709, at *3 (W.D. Wash. Mar. 25,

4 | 2014); *Branch Banking & Tr. Co. v. Pebble Creek Plaza, LLC*, 2013 WL 12176465, at *1 (D.

5 | Nev. July 26, 2013) (judicial intervention is appropriate only when "informal negotiations have

6 | reached an impasse on the substantive issue in dispute").

7 |       B.  <u>Discussion</u>

8 |       Before turning to the substance of Plaintiff's Motion to Compel Discovery, it is necessary

9 | to address threshold issues raised by both sides.

10 |       Starting with the threshold issue raised by Plaintiff, he argues any argument in opposition

11 | to his Motion to Compel is forfeited by Defense Counsel's failure to comply with the Court's

12 | directive to "meet and confer" regarding his discovery requests. Dkt. 116. Plaintiff is mistaken.

13 |       On January 9, 2024, the Court directed the parties to "meet and confer" regarding

14 | Plaintiff's discovery concerns. Dkt. 88. Under the Local Rules of this Court, a meet-and-confer

15 | requirement entails "a good faith conference in person *or by telephone* to attempt to resolve the

16 | matter in dispute without the court's involvement." *See* Local Rules W.D. Wash. LCR 1(c)(6)

17 | (emphasis added). In a sworn declaration filed in opposition to the instant Motion, Defense

18 | Counsel represents he spoke with Plaintiff by telephone on February 23, 2024, after prior

19 | attempts to communicate with Plaintiff were unsuccessful. Dkt. 120, ¶ 2; *see also* Dkt. 95.

20 | During that call, Defense Counsel states he attempted to discuss Plaintiff's discovery concerns

21 | and potential resolutions thereto, but Plaintiff's lack of preparation and recalcitrance prevented

22 | the parties from reaching a resolution. *Id.* at ¶ 5. In his reply brief, Plaintiff does not deny he

23 | spoke with Defense Counsel telephonically but maintains Defense Counsel was required to meet

24 |

ORDER ON MISCELLANEOUS MOTIONS - 3

1    with him in person. Dkt. 129. No in-person meeting was required of Defense Counsel. *See* Local

2    Rules W.D. Wash. LCR 1(c)(6). Rather, by attempting to discuss and resolve Plaintiff's

3    discovery concerns telephonically, Defense Counsel complied with the Court's meet-and-confer

4    directive. *Id.* Thus, the Court rejects Plaintiff's argument that County Defendants forfeited the

5    ability to oppose his Motion to Compel Discovery.

6          Turning now to the County Defendants' two threshold arguments for denying the instant

7    Motion. County Defendants first argue Plaintiff's Motion to Compel Discovery should be denied

8    because it is untimely. Dkt. 119 at 5. It is true the instant motion was filed after the court-

9    imposed deadline for filing motions to compel. *See* Dkt. 36 (establishing January 16, 2024

10   deadline for motions to compel discovery). However, given Plaintiff's status as a *pro se* litigant

11   and the strong preference for resolving matters on the merits rather than on technicalities, the

12   Court will excuse Plaintiff's tardiness in filing his Motion to Compel. *See Kendall Dealership*

13   *Holdings, LLC v. Warren Distribution, Inc.*, No. 3:18-CV-0146-HRH, 2021 WL 6804531 (D.

14   Alaska May 17, 2021) (granting leave to file untimely discovery motion).

15         County Defendants' second threshold argument is the instant Motion should be denied

16   because Plaintiff failed to show he conferred or attempted to confer about his discovery disputes

17   before seeking court intervention as required by Rule 37 of the Federal Rules of Civil Procedure.

18   Dkt. 119 at 4–6; *see also* Local Rules W.D. Wash. LCR 37. Upon review of the representations

19   made in Plaintiff's Motion and the record at a whole, Plaintiff's transfer to Monroe Correctional

20   Complex and other circumstances may have hindered his ability to confer with Defense Counsel

21   and reach an extrajudicial resolution to his discovery concerns. Thus, for the limited purpose of

22

23

24

ORDER ON MISCELLANEOUS MOTIONS - 4

this Order, the Court assumes Plaintiff has attempted in good faith and to the best of his ability to resolve his discovery concerns before seeking court intervention.

Proceeding on this assumption, the Court turns finally to the merits of Plaintiff's request for a court order compelling discovery. To support his request, Plaintiff complains in broad terms that County Defendants failed to produce necessary discovery. Dkt. 116; *see also* Dkt. 129 at 3–4. These vague references to unanswered discovery requests are insufficient to meet Plaintiff's burden of showing relevance. *Bryant v. Ochoa*, No. 07CV200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) ("The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)."). Furthermore, without any information about the specific materials he seeks, the Court cannot uphold its own obligation to assess the propriety of an order compelling discovery. *Ivins v. Corr. Corp. of Am.*, 291 F.R.D. 517, 520 (D. Mont. 2013) (courts have an "independent obligation" to review discovery requests for specificity and frivolousness before granting a motion to compel).

At a minimum, a plaintiff seeking a court order compelling discovery must identify the specific discovery he seeks to compel and explain why such materials are relevant to his case. *See id.* Plaintiff's Motion accomplishes neither of these things.[1] Nevertheless, as will be discussed in greater detail below, Plaintiff has demonstrated his inability to file a properly supported motion was caused by circumstances beyond his control. So, although the instant Motion must be denied, the Court will grant Plaintiff one final opportunity to refile a well-supported motion to compel discovery.

---

[1] Because Plaintiff has failed to satisfy his burden of showing relevance, the Court need not address his other argument regarding Defendants' alleged failure to timely object to his discovery requests. Dkts. 116, 129.

ORDER ON MISCELLANEOUS MOTIONS - 5

C. Conclusion

Accordingly, Plaintiff's Second Motion to Compel Discovery (Dkt. 116) is denied without prejudice and with the right to refile at a later date.

### III. Motions Regarding Access to Legal Materials (Dkts. 113, 117, 126, 127, 132)

Plaintiff is a pretrial detainee awaiting trial for first degree murder and kidnapping before Mason County Superior Court. Dkt. 130 at 2 (Purtzer Declaration). At the time he filed this suit, Plaintiff was detained at Mason County Jail. Dkt. 1. However, he has recently been transferred to Monroe Correctional Complex on a temporary basis to receive medical treatment. Dkts. 96, 130 at 2 (Purtzer Declaration). As he is temporarily at Monroe Correctional Complex, Plaintiff does not have access to the law library or his personal effects—which include, among other things, discovery materials and legal research relevant to this case. *See* Dkt. 126 (Department of Corrections Letter); Dkt. 133 (Collett Declaration). As a result, Plaintiff is temporarily prevented from meaningfully prosecuting this case and seeks several alternative remedies.

First, he seeks court orders compelling Washington Department of Corrections to allow him access to his personal effects, the law library, and a telephone while he is housed at Monroe Correctional Complex. Dkts. 113, 117. Next, Plaintiff seeks a court order compelling Mason County Jail to return his personal effects or transfer him to a different facility for medical treatment. Dkt. 127. Alternatively, Plaintiff seeks appointment of counsel to obtain his personal effects and help him litigate this case for the duration of his temporary boarding. Dkt. 126. Finally, Plaintiff requests a stay of this case until he once again has access to a law library and his personal effects, which he estimates will be on or around August 1, 2024. Dkt. 132.

The Court finds Plaintiff's request to stay this case until he has a meaningful opportunity to prosecute this action is the most appropriate remedy under the circumstances. *Mediterranean*

ORDER ON MISCELLANEOUS MOTIONS - 6

*Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."). Thus, Plaintiff's Motion to Stay (Dkt. 132) is granted and his motions for alternative remedies (Dkts. 113, 117, 126, 127) are denied as moot.

**IV.     Motions for Summary Judgment (Dkts. 87, 105)**

Finally, there are two motions for summary judgment currently pending before the Court. Dkts. 87, 105. Plaintiff's anticipated return to Mason County Jail may impact those pending motions. *See* Dkt. 105 at 9–10 (arguing Plaintiff's claims for injunctive relief are rendered moot by his transfer out of Mason County Jail). Additionally, the summary judgment motions may be further impacted by Plaintiff's ability to renew his motion to compel discovery once his personal property is returned and he is thus able to identify the specific discovery requests he alleges have gone unanswered. *See supra* Sect. II. C. The Court further notes if Plaintiff's medical treatment is for the gastrointestinal issues he complains of in the instant suit, this may also impact the pending motions—particularly, the Defendants' burden of submitting specific evidence demonstrating the absence of realistic, cost-efficient alternatives as compared to the existence of obvious, easy alternatives to Plaintiff's request for a religious diet without adverse health effects. *See, e.g., Countryman v. Sherman*, No. C19-01767-JCC-SKV, 2022 WL 17406341, at *12–17 (W.D. Wash. Oct. 21, 2022), *report and recommendation adopted*, No. C19-1767-JCC, 2022 WL 17403213 (W.D. Wash. Dec. 2, 2022) (citing *Turner v. Safely*, 482 U.S. 78, 89–90 (1987) and *Shakur v. Schriro*, 514 F.3d 878, 883 (9th Cir. 2008)).

Accordingly, the pending Motions for Summary Judgment (Dkts. 87, 105) are denied without prejudice and with the right to refile after the stay is lifted.[2]

## V. Conclusion

For the stated reasons, Plaintiff's Motion to Compel Discovery (Dkt. 116) is denied without prejudice and with the right to refile, his Motion to Stay (Dkt. 132) is granted, and Plaintiff's other pending motions (Dkts. 113, 115, 117, 126, 127) are denied as moot.

The Clerk of Court is directed to enter a stay in this case. This case shall remain stayed until one of two conditions are met: (1) Plaintiff returns to Mason County Jail or (2) he is able to access his personal effects (namely, his discovery materials, legal research, and other documents relevant to this case) and the law library while housed at Monroe Correctional Complex.

Defense Counsel for County Defendants is directed to file a status report every **forty-five (45) days** informing the Court of whether either of these conditions has been met. Except for these status reports, the parties may not file additional motions, pleadings, or other filings during the stay without first obtaining leave of court. Absent a showing of good cause, motions filed without leave will be summarily denied.

Plaintiff shall have **fourteen (14) days** from the day the stay is lifted to file a motion to compel discovery. The parties are strongly encouraged to renew attempts at resolving discovery

---

[2] The denial of a motion without prejudice is non-dispositive. *See Jones v. Corr. Corp. of Am.*, 2011 WL 1706838, at *4 (D. Ariz. May 5, 2011) (internal quotations omitted) ("A denial without prejudice is different than a denial with prejudice in the sense that the former does not preclude a subsequent motion based on the same argument."). Therefore, in the interest of judicial efficiency and because the Court has denied the Motions for Summary Judgment without prejudice, the Court enters this Order denying the Motions for Summary Judgment, not a report and recommendation. *See McCain v. California Highway Patrol*, 2011 WL 6328221, at *1, n.1 (E.D. Cal. Dec. 16, 2011) (noting the magistrate judge's denial without prejudice of the plaintiff's partial motion for summary judgment was non-dispositive and, therefore, the magistrate judge was not required to submit findings and recommendations).

disputes without court intervention until that time. Plaintiff is advised any motion to compel discovery filed after the stated deadline will be summarily denied.

Finally, Defendants' Motions for Summary Judgment (Dkts. 87, 105) are denied without prejudice and with the right to refile. Defendants shall have **thirty (30) days** from the day the stay is lifted file their renewed motions for summary judgment.

Dated this 28th day of March, 2024.

David W. Christel
United States Magistrate Judge

ORDER ON MISCELLANEOUS MOTIONS - 9