UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MATHEW COLLETT,<br><br>                    Plaintiff,<br>    v.<br><br>MASON COUNTY, et al.,<br><br>                    Defendants. | CASE NO. 3:23-CV-5654-TMC-DWC<br><br>ORDER TO SHOW CAUSE |

The District Court has referred this prisoner civil rights action to United States Magistrate Judge David W. Christel. The Court stayed this matter on March 28, 2024. Dkt. 136. The status reports filed regarding the stay and Plaintiff's activity in his other case pending before this Court indicate Plaintiff now has access to the legal resources and personal effects that he said were necessary for him to prosecute this case. Plaintiff is therefore ordered to show cause why the stay should not be lifted in this case.

## I. DISCUSSION

In March 2024, Plaintiff Matthew Collett was temporarily transferred from Mason County Jail (MCJ) to Monroe Correctional Complex (MCC). Dkts. 96, 130 at 2 (Purtzer Declaration). Plaintiff stated that, by nature of his temporary status at MCC, he does not have

ORDER TO SHOW CAUSE - 1

access to the legal resources at that facility, nor does he have access to the discovery materials and legal research he accumulated at MCJ. *See* Dkt. 126 (Department of Corrections Letter); Dkt. 133 (Collett Declaration). Plaintiff requested a stay of the case until he had access to a law library and his legal materials, which he estimated would be on or around August 1, 2024. Dkt. 132.

The Court granted the stay and directed defense counsel for County Defendants to file a status report every forty-five days addressing whether Plaintiff has returned to MCJ and, if not, whether he can access his personal effects (namely, his discovery materials, legal research, and other documents relevant to this case) and legal resources while housed at MCC. Dkt. 136 at 6–8. Defense counsel filed status reports on May 10, June 24, and August 8, 2024. Dkts. 137, 138, and 140. The status reports have not fully addressed whether the conditions for lifting the stay have been met. *See id.* For example, the representations that Mason County Defendants are "not aware" of whether Plaintiff has access to his personal effects—which, according to Plaintiff, were last located at MCJ—convey no information to aid the Court in determining whether the stay should continue. Dkts. 137 at 1, 138 at 1, 140 at 1.

Nonetheless, defense counsel's third status report makes an apparent reference to Plaintiff's activity in his other civil case pending before this Court: *Collett v. Hansen, et al.*, Case No. 3:23-cv-06051-JCC-DWC, at Dkt. 34 (W.D. Wash.). Plaintiff responded to a dispositive motion in that case and submitted photocopied exhibits in support of his response. *Id.* at Dkts. 44, 44-1, 44-2 (filed July 31, 2024). This recent activity in his other civil case indicates he now has access to resources at MCC that enable him to continue prosecuting this case and, if so, then the stay should be lifted.

ORDER TO SHOW CAUSE - 2

## II. CONCLUSION

On or before September 3, 2024, Plaintiff is ordered to show cause why this case should remain stayed. In his response Plaintiff should include whether he has access to the law library at MCC and whether he has access to his legal resources and personal effects from MCJ and explain why he needs them to litigate this case.

If Defendants wish to file a reply, they must do so not later than September 6, 2024.

Dated this 13th day of August, 2024.

David W. Christel
United States Magistrate Judge

ORDER TO SHOW CAUSE - 3